E-FILED
Saturday, 03 June, 2017 06:18:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CMFG LIFE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID C. WOLFE, as Trustee for the ) <br> Norma S. Ashley Revocable Trust dated ) <br> November 29, 2011, DAVID C. WOLFE, ) <br> KEITH A. WOLFE, TYLER SCHILD, as ) <br> surviving son of Pamela S. Schild, SETH ) <br> SCHILD, as surviving son of Pamela S. ) <br> Schild, and TERRY A. SCHILD, as ) <br> surviving spouse of Pamela S. Schild, ) <br> ) <br> Defendants-in-Interpleader. ) <br> ) <br> KEITH A. WOLFE, ) <br> ) <br> Cross-Claim Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID C. WOLFE, as Trustee for the ) <br> Norma S. Ashley Revocable Trust dated ) <br> November 29, 2011, TERRY A. SCHILD, ) <br> TYLER SCHILD, and SETH SCHILD, ) <br> individually, ) <br> ) <br> Cross-Claim Defendants. ) | Case No. 4:15-cv-04139-SLD-JEH |

**ORDER**

1

Before the Court are the Motion for Summary Judgment, ECF No. 37, the Motion for Rule 37 Sanctions, ECF No. 38, and Magistrate Judge Hawley's Report and Recommendation, ECF No. 40. For the following reasons, the Court ADOPTS Magistrate Judge Hawley's Report and Recommendation.

**BACKGROUND**

According to the undisputed (by virtue of being unopposed) material facts, Norma Ashley purchased a CUNA Mutual Group Annuity ("Annuity") on October 26, 2007. She established the Norma S. Ashley Revocable Trust dated November 29, 2011 ("Trust") that dictated how her assets should be distributed following her death. No evidence was presented indicating Norma had insufficient mental capacity to establish the Trust or that she was under the undue influence of any person. Shortly after establishing the Trust, Norma began transferring her assets into the trust. Nancy Peal, a paralegal at the office where the Trust was prepared, accompanied Norma to change the beneficiary of the Annuity. The CUNA Mutual Group representative was not in his office, so the two left a copy of the Certificate of Trust and a message requesting a change of beneficiary form. Nancy Peal Aff., Mot. Summ. J. Ex. D, ECF No. 37 at 47–48. Norma died on January 3, 2015. The Trustee, Norma's son David Wolfe, found a change of beneficiary form, dated July 8, 2012, amongst Norma's papers changing the Annuity beneficiary to the Trust. The issuer of the Annuity, Plaintiff CMFG Life Insurance Company, claimed it had not received the change of beneficiary form. All parties to this case made claims to the Annuity's proceeds.

Plaintiff filed this interpleader on October 1, 2015 and deposited the Annuity's funds with the Court. On March 13, 2017, Defendants and Cross Claim Defendants filed a motion for summary judgment and a motion for sanctions. On April 25, 2017, Magistrate Judge Hawley entered a Report and Recommendation ("Report") recommending the Court find that (1) the Annuity funds should be provided to David C. Wolfe, as Trustee of the Trust, for distribution

2

according to the terms of that Trust, and (2) no disputed facts existed regarding Cross-Claim Plaintiff's claim that Norma had insufficient mental capacity to create the Trust or change the Annuity's beneficiary to the Trust. Report & Rec. 7–9, ECF No. 40. No objections were filed.

## DISCUSSION

### I. Legal Standard

When reviewing a magistrate judge's recommendation on a dispositive issue, a court considers de novo those portions of the report to which a party timely objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). No party has objected to any portion of Magistrate Judge Hawley's Report so any such objections have been waived. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)). The Court reviews the unobjected portions of the Report for clear error. *See Johnson*, 170 F.3d at 739.

Under Illinois law, which applies in this case, a change of beneficiary form is effective if it complies with the policy's method for changing the beneficiary. *Minnesota Life Ins. Co. v. Kagan*, 724 F.3d 843, 849 (7th Cir. 2013). Even substantial compliance is sufficient. *Dooley v. James A. Dooley Assoc. Employees Retirement Plan*, 442 N.E.2d 222, 227 (Ill. 1982) (finding that "substantial compliance requires (a) a clear expression of the insured's intention to change beneficiaries, plus (b) his concrete attempt to carry out his intention as far as was reasonably in his power") (quoting 7 Williston, Contracts § 916, at 484–85 (3d ed. 1963)).

### II. Analysis

In this case, the Annuity's change of beneficiary provision stated, "You may change the owner or beneficiary of this contract by written request at any time while the annuitant is alive.

3

The change will take effect as of the date you signed it." Mot. Summ. J. UMF ¶ 4. The undisputed facts establish that Norma purchased the Annuity, thereafter established a Trust, and changed the Annuity's beneficiary to the Trust prior to her death. The Magistrate Judge did not clearly err in concluding that Norma's change of beneficiary form, dated July 8, 2012, effectively changed the Annuity's beneficiary to the Trust on that date. The Court also finds no clear error with the Report's concluding that no facts were presented to support Cross-Claim Plaintiff's claim that Norma had insufficient mental capacity to create the Trust or change the Annuity's beneficiary to the Trust.

## CONCLUSION

The Court ADOPTS Magistrate Judge Hawley's Report and Recommendation, ECF No. 40. The Joint Motion for Summary Judgment, ECF No. 37, is GRANTED, and the Motion for Rule 37 Sanctions, ECF No. 38, is DENIED AS MOOT. The Clerk is directed to release the Annuity funds to David C. Wolfe, as Trustee, for distribution according to the terms of the Trust, enter judgment, and close the case.

Entered this 3rd day of June, 2017.

                                                                 s/Sara Darrow
                                                                   SARA DARROW
                                               UNITED STATES DISTRICT JUDGE